Piekaliewicz v. SOT
















NUMBER 13-02-00641-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                      

ANDREW M. PIEKALIEWICZ,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                      

On appeal from the County Criminal Court at Law
Number One of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa
 
          A jury found appellant, Andrew M. Piekaliewicz, guilty of the misdemeanor offense
of assault,


 and the trial court: (1) assessed his punishment at one year confinement in the
Harris County Jail and a $500 fine, (2) suspended the jail sentence, and (3) placed him on
community supervision for eighteen months. The trial court has certified that this “is not
a plea-bargain case, and the defendant has the right to appeal.” See Tex. R. App. P.
25.2(a)(2). In two issues, appellant complains of ineffective assistance of trial counsel and
the trial court’s refusal to conduct a hearing to consider his motion for new trial. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
A. Ineffective Assistance of Counsel
          In his first issue, appellant complains of ineffective assistance of trial counsel. 
Specifically, appellant contends that trial counsel failed to properly investigate, interview,
and/or call David Johnson and Sergio Herrera to testify in his behalf. Appellant asserts trial
counsel also failed to interview unnamed family members who could have testified in his
behalf during the punishment phase of the trial.
          Our review of counsel's performance must be highly deferential. Strickland v.
Washington, 466 U.S. 668, 689 (1984). We adhere to the United States Supreme Court’s
two-pronged Strickland test to determine whether counsel’s representation was so
inadequate that it violated a defendant’s Sixth Amendment right to counsel. Id. at 687-88;
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d
427, 433 (Tex. App.—Corpus Christi 2000, no pet.). First, the appellant must show that
counsel’s performance was deficient; in other words, that counsel’s assistance fell below
an objective standard of reasonableness. Hernandez, 726 S.W.2d at 55. The deficiency
must be of the extent that counsel failed to function as counsel. Yates v. State, 917
S.W.2d 915, 920 (Tex. App.— Corpus Christi 1996, pet. ref’d). Second, the appellant must
prove that “the deficient performance prejudiced the defense” by “a reasonable probability
that, but for counsel’s errors, the result of the proceeding would have been different.” 
Munoz, 24 S.W.3d at 433. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Strickland, 466 U.S. at 693; Hernandez, 726 S.W.2d at 55. 
“Failure to make the required showing of either deficient performance or sufficient prejudice
defeats the ineffectiveness claim.” Strickland, 466 U.S. at 700.
          The assessment of whether an appellant received effective counsel is made
according to the facts of each case. Ex Parte Scott, 581 S.W.2d 181, 185 (Tex. Crim. App.
1979). The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). 
The appellant must overcome a strong presumption that counsel’s performance fell within
the wide range of reasonable professional assistance. Tijerina v. State, 921 S.W.2d 287,
289 (Tex. App.—Corpus Christi 1996, no pet.); see Thompson v. State, 9 S.W.3d 808,
812-14 (Tex. Crim. App. 1999). “Any allegation of ineffectiveness must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.” 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). In the absence of
evidence of counsel’s reasons for the challenged conduct, an appellate court will assume
a strategic motivation and will not conclude that the conduct was deficient unless the
conduct was so outrageous that no competent attorney would have engaged in it. Garcia
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d at 814. see
Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003) (“Appellate courts can rarely
decide the issue of unreasonable performance because the appellate record rarely speaks
to the strategic reasons that counsel may have considered.”).
          We begin our analysis with a rebuttable presumption that counsel is better
positioned than the appellate court to judge the pragmatism of the particular case and that
counsel made all significant decisions in the exercise of reasonable professional judgment. 
Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). The presumption may be
rebutted by evidence of counsel’s reasoning or lack thereof. See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). The record in this case does not show trial
counsel’s reasoning for not interviewing and/or calling certain witnesses to testify at trial. 
Thus, we have nothing before us from which to determine why counsel did not do so.
          Appellant’s complaint that he received ineffective assistance of counsel is not firmly
founded in the record, and the record does not affirmatively demonstrate the alleged
ineffectiveness. Accordingly, we hold that appellant has not sustained his burden of
proving his claim of ineffective assistance of counsel by a preponderance of the evidence.


 
Appellant’s first issue is overruled.
 B. Motion for New Trial
          In his second issue, appellant complains of the trial court’s refusal to conduct a
hearing to consider his motion for new trial, alleging ineffective assistance of counsel which
was not determinable from the record. The standard of review for a trial court’s refusal to
conduct a hearing to consider a motion for new trial is abuse of discretion. Reyes v. State,
849 S.W.2d 812, 815 (Tex. Crim. App. 1993). As long as the trial court’s ruling was within
the zone of reasonable disagreement, the appellate court may not disturb it. Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).
           A hearing is not required when the matters raised in the motion for new trial are
subject to being determined from the record. See Reyes, 849 S.W.2d at 815; McIntire v.
State, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985) (citing Hicks v. State, 75 Tex. Crim.
461, 171 S.W. 755, 763 (Tex. Crim. App. 1914)). The decision of whether to grant a new
trial on ineffective-assistance-of-counsel grounds lies within the discretion of the trial court. 
Reyes, 849 S.W.2d at 815. An unrestricted requirement of a hearing on matters not
determinable from the record could lead to “fishing expeditions.” Id. Therefore, as a
prerequisite to obtaining a hearing and as a matter of pleading, motions for new trial need
be supported by affidavit, either of the accused or someone else specifically showing the
truth of the grounds of attack. Martinez v. State, 74 S.W.3d 19, 21-22 (Tex. Crim. App.
2002); McIntire, 698 S.W.2d at 658. However, the affidavit is not required to reflect every
component legally required to establish relief, but the motion for new trial or affidavit must
reflect that reasonable grounds exist for holding such relief could be granted. Martinez, 74
S.W.3d at 21-22; Reyes, 849 S.W.2d at 816.
          Appellant’s motion for new trial was timely filed, properly presented to the trial court,
and supported by sworn affidavits. Because the trial court refused to conduct a hearing
on the motion, we must determine whether the affidavits show reasonable grounds which
would entitle appellant to a hearing.
          Appellant asserts trial counsel failed to properly investigate, interview, and/or call
a witness referred to as “Super Dave.” However, the affidavits do not show what further
investigation by counsel would have revealed. The affidavits also fail to state what “Super
Dave” would have said that would have benefitted appellant or whether “Super Dave”
would have been available to testify. See Munoz, 24 S.W.3d at 434.
          Appellant also asserts that trial counsel failed to interview witnesses who could have
testified on his behalf during the punishment phase of the trial. However, the affidavits fail
to state: (1) the names of these witnesses, (2) what they would have said, (3) how their
testimony would have benefitted him, and (4) whether they would have been available to
testify at the trial.
          If either of the grounds asserted by appellant had been properly supported by facts
and found to be true by the trial court after a hearing, appellant may have been entitled to
a hearing on his motion for new trial. However, the affidavits are conclusory and therefore
deficient. Thus, the motion for new trial was not sufficient to put the trial court on notice
that reasonable grounds existed to believe counsel’s representation may have been
ineffective. See Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (supporting
affidavit insufficient to show reasonable basis for new trial existed). 
          Because the supporting affidavits were deficient, we hold the trial court did not
abuse its discretion in refusing to convene a hearing on appellant’s motion for new trial. 
Appellant’s second issue is overruled.
 

          The trial court’s judgment is affirmed.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice
 
 
Do not publish. Tex. R. App. P. 47.2(b).
 
Opinion delivered and filed this the
12th day of August, 2004.