MEMORANDUM OPINION

No. 04-05-00098-CR

Malissa MOODY,
Appellant

v.

The STATE of Texas ,
Appellee


From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CR-6856
Honorable Phil Chavarria , Judge Presiding


Opinion by: Catherine Stone , Justice
Sitting: Catherine Stone , Justice

 Karen Angelini , Justice

 Sandee Bryan Marion , Justice
Delivered and Filed: March 8, 2006

AFFIRMED

 Malissa Moody was found guilty of being a felon in possession of a firearm and was sentenced to twenty years
imprisonment in the Texas Department of Criminal Justice, Institutional Division. Moody presents four issues on appeal.
Finding no reversible error, we affirm.

Factual and Procedural Background

 Moody (A.K.A. Fat Mama) was on parole and dating Terry McGee whom she knew was a drug dealer. On January 29,
2003, Moody and McGee arrived at a crack house owned by Chester Allen. Other people present that night included Allen,
Vincent Douglas, and Lesia Evans. That evening, Moody and McGee got into several arguments which eventually led to a
physical altercation. Conflicting testimony reveals that either Moody pulled a handgun from her person and shot McGee
during the fighting or that Moody wrestled the revolver away from McGee and shot him before he shot her with a second
firearm he was carrying.

 Moody was apprehended nearly ten months after the night in question and indicted on two counts: murder and felon in
possession of a firearm. The trial court granted a severance, Moody pled not guilty to felon in possession, and the jury
returned a guilty verdict. Moody now appeals and challenges evidentiary rulings of the trial court, the legal and factual
sufficiency of the evidence, and the court's failure to hold a hearing on Moody's motion for new trial.

Extraneous Offense

 In Moody's first issue, she complains the trial court reversibly erred when it admitted evidence that she had been seen
selling drugs a month before the indicted offense. Specifically, Moody complains of Douglas' testimony in which he stated
he had seen Moody sell crack cocaine on five different occasions. 

 We review a trial court's decision to exclude or admit evidence for an abuse of discretion. Montgomery v. State, 810
S.W.2d 372, 379 (Tex. Crim. App. 1990). An abuse of discretion occurs if the trial court acted without reference to any
guiding rules or principles or acted in a manner deemed arbitrary or unreasonable. Id. at 380.

 Moody argues that the evidence was not relevant because a reasonable person, with some experience in the real world,
would not believe that Moody's alleged actions of selling drugs a month prior to the present charge were helpful in
determining the truth or falsity of whether she possessed a weapon on January 29, 2003. See id. at 376. Relevant evidence
is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of
the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. All relevant evidence
is admissible unless excluded by the constitution or statute. Tex. R. Evid. 402. However, evidence of other crimes or
wrongs committed by the accused is not admissible if it is relevant only to prove the accused's character to show the
accused acted in conformity therewith. Tex. R. Evid. 404(b). For evidence of extraneous acts to be admissible under Rule
404(b), it must have relevance for some purpose other than character conformity. Montgomery, 810 S.W.2d at 391. "Even
if an extraneous offense is relevant apart from character conformity, it may still be excluded if its relevance is substantially
outweighed by the danger of unfair prejudice." Brown v. State, 96 S.W.3d 508, 511 (Tex. App.-Austin 2002, no pet.)
(citingMontgomery, 810 S.W.2d at 387, Johnson v. State, 932 S.W.2d 296, 303 (Tex. App.-Austin 1996, pet. ref'd), and
Tex. R. Evid. 403).

 The testimony complained of was elicited from Douglas. He testified that he knew of five prior occasions on which Moody
sold crack cocaine, and he also commented that drug dealers are often armed to protect themselves from being robbed.
Other testimony suggested that McGee was threatening others in order to monopolize the sale of drugs in Allen's house.
From the record, the trial court could have concluded that Douglas' testimony was relevant and tended to make the existence
of Moody's intent to possess a firearm more likely than not. 

 Additionally, an extraneous act is admissible to prove the culpable mental state required for the charged offense if the
required intent cannot be inferred from the act itself, or if the accused introduces evidence to rebut that inference. Zuliani v.
State, 903 S.W.2d 812, 827 (Tex. App.-Austin 1995, pet. ref'd). Here, Moody introduced testimony to establish a defensive
theory of necessity under Section 9.22 of the Texas Penal Code. Tex. Pen. Code Ann. § 9.22 (Vernon 2003) (providing that
conduct is justified if reasonably believed necessary to avoid imminent harm). In order to prove that Moody was a felon in
possession of a firearm, it was necessary for the State to establish she acted with the requisite mental state. See Tex. Pen.
Code Ann. § 46.04 (Vernon 2005); Hazel v. State, 534 S.W.2d 698, 700 (Tex. Crim. App. 1976). Thus, Rule 404(b) did not
prevent the State from introducing evidence of extraneous acts to help rebut Moody's necessity defense and other evidence
offered to rebut intentional or knowing possession of a firearm.

 At trial Moody made a Rule 403 objection that the prejudicial effect of admitting Douglas' testimony substantially
outweighed the probative value of the testimony. See Tex. R. Evid. 403. When evidence of an extraneous offense is
offered, an appellate court should consider these factors to determine whether the trial court abused its discretion under
Rule 403: 

1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable-a factor
which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the
extraneous offense;

2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";

3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of
the indicted offense; and

4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other
probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute. 
Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (citations omitted).

 Under the first factor, the fact of consequence is whether Moody intentionally or knowingly possessed a firearm. The
testimony that she was a drug dealer, and that drug dealers frequently carry guns, served to make the fact of consequence
more probable. This was compelling evidence because the State had to prove Moody intentionally or knowingly possessed
the firearm. 

 The second factor deals with the evidence's ability to affect the jury in an impermissible manner. Moody admitted to being
on parole, thus acknowledging a prior conviction, and dating a known drug dealer. Further, the majority of the testimony
about the night in question was provided by drug users. Under these circumstances, it is very unlikely that the evidence had
"great potential to impress the jury in an 'irrational way.'" Manning v. State, 114 S.W.3d 922, 927 (Tex. Crim. App. 2003).
The risk of convicting Moody solely on the fact that she was a drug dealer did not substantially outweigh the probative
value of establishing Moody's state of mind.

 The third factor, dealing with the time the proponent would need to develop the evidence, is insignificant here. The State
asked Douglas very few questions to establish this evidence.

 The final factor regards the proponent's need to use this evidence. Although the State presented testimony from two
eyewitnesses, one witness had been smoking crack that evening and the other had just awaken from sleeping all day after a
six-day drug binge. Thus, the testimony was compelling evidence to the extent that it would help prove Moody's intent.
Namely, without the eyewitness testimony, which the jury could easily consider unbelievable, Douglas' testimony is the
only way to provide a reason for Moody's possession of a gun before arriving at Allen's house.

 The trial court did not err in allowing Douglas to testify regarding Moody's prior drug dealing, and this comports with the
presumption that all relevant evidence is admissible. See Tex. R. Evid. 402. 

Motion for New Trial Hearing

 In Moody's second issue, she complains that the trial court committed reversible error when it failed to hold an evidentiary
hearing as requested in her timely filed motion for new trial. A defendant's right to an evidentiary hearing on a motion for
new trial is not an absolute right, and we will reverse a trial court's failure to conduct a hearing only where the court abused
its discretion. Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). An evidentiary hearing on a defendant's
motion for new trial is necessary only if the motion and accompanying affidavits "'rais[e] matters not determinable from the
record, upon which the accused could be entitled to relief.'" Id. (quoting Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim.
App. 1993)). 

 Because an absolute right to a hearing could lead to fishing expeditions, the motion must be supported by an affidavit
which supports the grounds of attack. Mallet v. State, 9 S.W.3d 856, 865 (Tex. App.-Fort Worth 2000, no pet.). An
affidavit need not reflect every legal component required to establish relief, but must establish that reasonable grounds exist
for the relief sought, and specifically show the truth of the grounds alleged as the basis for a new trial. Martinez v. State, 74
S.W.3d 19, 21 (Tex. Crim. App. 2002); Reyes, 849 S.W.2d at 816. Affidavits conclusory in nature and unsupported by
facts are insufficient to put the trial court on notice that reasonable grounds for relief exist; therefore, such affidavits will
not support a motion for new trial or justify a request for a hearing on the motion. Jordan v. State, 883 S.W.2d 664, 665
(Tex. Crim. App. 1994). 

 In Moody's motion, a new trial was requested pursuant to an affidavit by Michael Earl, a private investigator hired by
Moody. Earl interviewed jurors who stated they did not want to convict Moody; however, "they just needed something to
hang their hat on such as who owned the weapons found at the scene." Under the rules of evidence, the validity of a verdict
cannot be disputed based on a juror's testimony or affidavit about matters occurring in deliberation or the juror's mental
processes which influenced any of the juror's decisions regarding the verdict. Tex. R. Evid. 606(b). Therefore, Earl's
affidavit provided no reasonable grounds for the requested relief.

 Moody provides two affidavits of witnesses, Chester Allen and Jason Conners, who were not called at trial. Moody's brief
states that "Allen could have testified that [Moody] did not pull out a gun." This is an inaccurate reading of Allen's
affidavit. Allen stated: "I did not see 'Fat Mama' pull out a gun and I didn't see the gun in her hand because she had her
back to me. I knew 'Fat Mama' was shooting because I could see the reactions of her arms when the gun was going off."
Allen's statement that he did not see her pull out a gun is not the same as saying she did not pull out a gun. Furthermore,
Allen's affidavit also indicated that Moody had told Allen she would kill McGee if he ever touched her again, and Allen
noticed Moody had "started carrying a gun everyday." Allen's affidavit does not provide matters not determinable from the
record that would entitle Moody to relief.

 Peter Held, Moody's initial court-appointed attorney, interviewed Jason Conners when he was preparing for Moody's trial.
During the interview, Conners stated that he was McGee's best friend. Conners discussed McGee's bad temper and physical
aggression toward females. More importantly, Conners said he knew that McGee owned the two guns recovered at the
crime scene. Moody contends that had Conners been subpoenaed to testify at trial, he would have informed the jury of these
facts. Moody argues that the trial court erred in refusing to hold an evidentiary hearing regarding the motion for new trial
based on Conners'affidavit.

 As for Conners' statements regarding McGee's violent nature, these facts are determinable from the record. Testimony was
provided about his violent nature and the physical fighting between Moody and McGee that night. Although ownership of
the firearm is not determinable from the record, this does not provide Moody with reasonable grounds for relief. The
ownership of the firearm is not necessary to determine whether or not Moody was in possession of a firearm before she
arrived at Allen's house. Although the firearm may have been owned by McGee, Moody testified that she and McGee had a
relationship together and eyewitnesses testified that Moody pulled the gun from her jacket or pocket that evening. We
overrule Moody's second issue.

Legal Sufficiency

 Moody challenges the legal sufficiency of the evidence. To review a legal sufficiency challenge, this court shall "view the
relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt." Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).
When conducting a legal sufficiency review, an appellate court does not review the fact finder's weighing of the evidence.
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 

 Moody claims the evidence was legally insufficient to support a conviction because the facts raised support her defense of
necessity. Under Section 9.22 of the Penal Code, a defendant is not guilty of a felon-in-possession offense if the defendant
reasonably believed the conduct was immediately necessary to avoid imminent harm. Tex. Pen. Code Ann. § 9.22. Moody
argues that a fair reading of the testimony reveals there was a struggle for the gun that McGee brought to Allen's house and
Moody picked it up in self-defense. However, another fair reading of the evidence in a light favorable to the jury's verdict is
that Moody had a gun on her person and pulled it out of her jacket or pocket to shoot McGee during their argument. This
conclusion is supported by eyewitness testimony. Furthermore, this question pertains to credibility, and the weight to be
applied to this testimony is a question properly before the jury. See Clewis, 922 S.W.2d at 134. We overrule Moody's third
issue.

Factual Sufficiency

 The only question to consider in a factual sufficiency review is whether a jury was rationally justified in finding guilt
beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Rather than considering the
evidence in a light most favorable to the verdict, all of the evidence is considered in a neutral light. Id. There are two ways
in which evidence may be insufficient to support a verdict. Id.

First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt. Second, there may be both evidence supporting the verdict and evidence contrary to the verdict. Weighing
all the evidence under this balancing scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt
standard could not have been met, so the guilty verdict should not stand.


Id. at 484-85.

 Under the first view, considering only the evidence supporting the verdict, we hold that the evidence was not factually
insufficient. For conviction of a felon in possession of a firearm, the State must prove the defendant was previously
convicted of a felony and intentionally or knowingly possessed a firearm. Tex. Pen. Code Ann. § 46.04. The evidence
which supports this was Moody's previous conviction for murder and eyewitness testimony stating Moody was in
possession of a firearm on the night in question. Additional testimony supported a suggestion that the altercation between
Moody and McGee stemmed from an argument regarding McGee's refusal to let Moody sell drugs at Allen's house. Douglas
provided testimony that drug dealers often carry firearms. The supporting evidence is not too weak to support a finding of
guilt beyond a reasonable doubt.

 Under the second review for a factual sufficiency challenge, all the evidence, supporting and contrary, is considered. Our
analysis may consider only those matters bearing on credibility that can be fully determined from the appellate record.
Johnson, 23 S.W.3d at 8. We may disagree with the jury's determinations when the record clearly indicates that such a step
is necessary to avoid a manifest injustice. Id. at 9. Otherwise, we must afford deference to the jury's determinations
concerning the weight and credibility of the evidence. Id. 

 The same supporting evidence analyzed in our first review applies here. The only contrary evidence Moody elicited at trial
was the violent nature of McGee, testimony of witnesses who had previously seen McGee in possession of the firearms used
January 29, 2003, and Moody's own testimony stating she was not illegally in possession of a firearm. Moody's contrary
evidence pertains to the weight and credibility of the evidence. Because the record does not clearly indicate the jury's
determinations were wrong, we defer to their findings. Id. Moody's fourth issue is overruled. 

Conclusion

 We overrule all Moody's issues; therefore, we affirm the trial court judgment. 



 Catherine Stone , Justice



Do Not Publish