Joe REYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 1176–91.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 3, 1993.

Rehearing Denied March 17, 1993.

The jury assessed punishment at confinement for life. Tex.Penal Code Ann. § 12.-42(d). The Court of Appeals affirmed. *Reyes v. State*, No. 14–90–00813–CR, 1991 WL 162835 (Tex.App.—Houston [14th Dist.], delivered August 22, 1991) (not published). We granted appellant's petition for discretionary review. We will reverse.

I.

The indictment alleged the primary offense of possession of marijuana and further alleged two enhancements counts. The jury found appellant guilty of the charged offense, found the enhancement counts true and assessed punishment at confinement for life. Tex.Penal Code Ann. § 12.42(d). Appellant filed a motion for new trial, in part contending trial counsel was ineffective for failing to inform appellant of a plea bargain offered by the State. The motion was overruled by operation of law. Tex.R.App.Pro.Rule 31(e)(3).

On direct appeal, appellant contended the trial judge erred in failing to hold an evidentiary hearing on his motion for new trial.[1] The Court of Appeals affirmed, holding:

> Under the applicable rule, a new trial, or a hearing, is not required on the ground of ineffective assistance of counsel. *Jiminez v. State*, 727 S.W.2d 327, 328 (Tex.App.—Houston [1st Dist.] 1987, no. pet. (citing Tex.R.App.P. 30(d)). Whether or not to grant a new trial on ineffective assistance of counsel grounds lies within the discretion of the trial court. *Messer v. State*, 757 S.W.2d 820, 827 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) (op. on reh'g); *Jiminez*, 727 S.W.2d at 328. The Rules of Appellate Procedure provide that the 'court is *authorized* to hear evidence by affidavit or otherwise and to determine the issues.' Tex.R.App.P. 31(d). (Emphasis added.) Nothing in the Rules mandates a hearing by the court. We find no abuse of dis-

Logene L. Foster, Sugar Land, for appellant.

Jack Stern, Dist. Atty. and Fred M. Felcman, Asst. Dist. Atty., Richmond, Robert Huttash, State's Atty., Austin, for the State.

Before the Court en banc.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted of possession of marihuana in excess of four ounces and less than five pounds pursuant to Tex. Health and Safety Code Ann. § 481.121.

---

**1.** Specifically, appellant's first point of error stated:

The trial court erred in not holding a hearing on the appellant's timely filed motion for new trial because there was an allegation of ineffective assistance of counsel raised on the motion for new trial and the trial court was required to hold a hearing to allow the appellant to fully develop the record.

cretion on the part of the trial court and overrule appellant's first point of error. Slip op. pg. 2. (Emphasis in original.)

We granted appellant's petition for discretionary review to determine whether a trial judge is required to hold an evidentiary hearing on a motion for new trial alleging ineffective assistance of counsel.[2]

## II.

The threshold issue is whether ineffective assistance of counsel may be raised in a motion for new trial. The State contends an accused may raise only those grounds specifically enumerated in TEx.R.App.Pro. Rule 30(b). To resolve this issue, a review of the relevant statutory and decisional authority is necessary. Former Tex.Code Crim.Proc.Ann. art. 40.01 defined a new trial as "the rehearing of a criminal action, after verdict, before the judge or another jury." Tex.Code Crim.Proc.Ann. art. 40.03 began: "New trials, in cases of felony, shall be granted the defendant for the following causes, *and for no other....*"[3] Although ineffective assistance of counsel was not specifically listed under art. 40.03, such claims had been raised in motions for new trial and addressed on appeal by this Court and various courts of appeals. *See, Butler v. State,* 716 S.W.2d 48 (Tex.Cr. App.1986); *and Carr v. State,* 646 S.W.2d 520 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd).

On September 1, 1986, subsequent to our holding in *Butler,* the Legislature repealed arts. 40.01–40.08 and we promulgated Tex. R.App.Pro.Rules 30–32. Rule 30 provides:

(a) Definition. A "new trial" is the rehearing of a criminal action after a finding or verdict of guilt has been set aside on motion of an accused. Except to adduce facts of a matter not otherwise shown on the record, a motion for new trial is not a requisite to presenting a point of error on appeal.

(b) Grounds. A new trial shall be granted an accused for the following reasons:

(1) Except in a misdemeanor case when maximum punishment may be by fine only, where the accused is an individual who has been tried in his absence, unless authorized by law, or has been denied counsel;

(2) Where the court has misdirected the jury as to the law or has committed some other material error calculated to injure the rights of the accused;

(3) Where the verdict has been decided by lot or in any other manner than by a fair expression of opinion by the jurors;

(4) Where a juror has received a bribe to convict or has been guilty of any other corrupt conduct;

(5) Where any material witness of the defendant has by force, threats or fraud been prevented from attending the court, or where any evidence tending to establish the innocence of the accused has been intentionally destroyed or withheld preventing its production at trial;

(6) Where new evidence favorable to the accused has been discovered since trial;

(7) Where after retiring to deliberate the jury has received other evidence; or where a juror has conversed with any other person in regard to the case; or where a juror became so intoxicated as to render it probable that his verdict was influenced thereby;

(8) Where the court finds the jury has engaged in such misconduct that the accused has not received a fair and impartial trial; and

(9) Where the verdict is contrary to the law and evidence.

Rule 30(a) specifically provides for a "new trial" after a finding or verdict of guilt has been set aside *on motion of the accused.* Rule 30(a) does not limit the grounds under which a motion for new trial may be granted but rather provides the

---

**2.** Specifically, appellant's ground for review states:

The Court of Appeals erred in holding that a hearing is not required on the motion for new trial alleging ineffective assistance of counsel when a timely motion for new trial has been filed and raises the issue of ineffective assistance of counsel.

**3.** Unless otherwise indicated, all emphasis herein is supplied by the author.

trial judge the general authority to grant such a motion. Furthermore, the proviso found in former art. 40.03, "and for no other," was specifically deleted from Rule 30(b). Without the proviso, Rule 30(b) is *not* an exclusive list, restricting the accused to raising only those enumerated grounds in a motion for new trial. *Evans v. State,* 843 S.W.2d 576 (Tex.Cr.App.1992).

In *Evans* the defendant filed a motion seeking to withdraw his plea of *nolo contendere.* The trial judge granted the motion and ordered a new trial. The State appealed. The court of appeals held Rule 30(b) provided an exclusive list of the grounds for a new trial and reversed because the ground relied upon by the defendant was not authorized under Rule 30(b). *Evans v. State,* 817 S.W.2d 807, 809 (Tex. App.—Waco 1991). We disagreed and held the deletion of the proviso "and for no other" evidenced the intent of the drafters of Rule 30(b) to change the exhaustive character of art. 40.03 and to allow a trial judge the discretion to consider . grounds for granting a new trial not enumerated in Rule 30(b). *Id.,* 843 S.W.2d at 578–79.

Moreover, in *Rosales v. State,* 841 S.W.2d 368, 378 (Tex.Cr.App.1992), we addressed a point of error raising ineffective assistance of counsel. In disposing of that point we considered evidence developed at the evidentiary hearing on the motion for new trial. Additionally, the courts of appeals have, since the promulgation of Rule 30(b), routinely addressed points of error alleging ineffective assistance of counsel when the issue was raised in a motion for new trial. *Messer v. State,* 757 S.W.2d 820, 822 (Tex.App.—Houston [1st Dist.] 1988); *State v. Thomas,* 768 S.W.2d 335, 337 (Tex. App.—Houston [14th Dist.] 1989); *and Jordan v. State,* 786 S.W.2d 1, 2 (Tex.App.— Houston [1st Dist.] 1989).

■ Today, we reaffirm our holding in *Evans.* The grounds listed in Rule 30(b) are illustrative, not exhaustive; the trial judge has the discretion to consider additional grounds for granting a new trial. *Evans,* 843 S.W.2d at 578. Accordingly, we hold that ineffective assistance of counsel may be raised in a motion for new trial.

### III.

Having determined ineffective assistance of counsel may be raised in a motion for new trial, we must now determine whether the trial judge abused his discretion in failing to hold a hearing on appellant's motion pursuant to Tex.R.App.Pro.Rule 31(d). Initially we note the filing of the motion alone is not sufficient to bring the motion to the trial judge's attention. The motion must be presented pursuant to Tex.R.App.Pro. Rule 31(c). After the motion has been presented, "the court is authorized to hear evidence by affidavit or otherwise and to determine the issues." Rule 31(d).

In *Synagogue v. State,* 122 Tex.Crim. 472, 55 S.W.2d 1052, 1053 (1932), we interpreted a predecessor to Rule 31, Code Cr. Proc.1925, art. 755, and held "[t]he right to ... have heard a motion for new trial is deemed absolute ..." In *Trevino v. State,* 565 S.W.2d 938 (Tex.Cr.App.1978), we recognized:

> Without doubt hearing on a motion for new trial is a critical stage of the proceedings. It is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review. [citations omitted].

*Id.* at 940.

In *McIntire v. State,* 698 S.W.2d 652 (Tex.Cr.App.1985), we relied on *Trevino,* and held:

> ... In the face of a timely filed motion for new trial supported by sufficient affidavit, a trial court which denies an accused [a hearing] abdicates its fact finding function and denies the accused a meaningful appellate review. Such was the case here, and we find therefore, that the trial court in the instant cause abused its discretion in denying appellant a hearing on his motion for new trial.

*Id.,* 698 S.W.2d at 660. *See also, Kiser v. State,* 788 S.W.2d 909, 914 (Tex.App.—Dallas 1990).

■ Further review of the relevant decisional authority leads us to conclude the right to a hearing on a motion for new trial is not truly an "absolute right." In *Bumpus v. State,* 509 S.W.2d 359 (Tex.Cr.App.

1974), the defendant contended the trial judge erred in overruling the motion for new trial without holding a hearing. In rejecting the defendant's argument, Commissioner Chadick noted that all issues raised in the motion were determinable from the record of the trial. Accordingly, the defendant was not deprived of an opportunity to offer proof in support of his motion for new trial. *Id.* at 363. We reaffirm that reasoning today and hold a hearing is *not* required when the matters raised in the motion for new trial are subject to being determined from the record.

On the other hand, we have held, in certain instances, the trial judge abuses his discretion in failing to hold a hearing on a motion for new trial that raises matters which are *not* determinable from the record. *See, McIntire v. State,* 698 S.W.2d 652, 658 (Tex.Cr.App.1985) (citing *Hicks v. State,* 75 Tex.Crim. 461, 171 S.W. 755, 763 (1914)); *Fielding v. State,* 719 S.W.2d 361, 364 (Tex.App.—Dallas 1986); and *McMillan v. State,* 769 S.W.2d 675, 676 (Tex. App.—Dallas 1989). To hold otherwise would deny the accused meaningful appellate review. *McIntire,* 698 S.W.2d at 660.[4] However, we recognized that an unrestricted requirement of a hearing on matters not determinable from the record could lead to "fishing expeditions." *Id.* at 658. Therefore, we required, "as a prerequisite to obtaining a hearing" and "as a matter of pleading," motions for new trial be supported by affidavit, either of the accused or someone else specifically showing the truth of the grounds of attack. *Id.* (Quoting *Hicks.*) However, the affidavit is not required to "reflect every component legally required to establish" relief, but the motion for new trial or affidavit must reflect that reasonable grounds exist for holding that such relief could be granted. *Id.* We reaffirm that reasoning today and hold that when an accused presents a motion for new trial raising matters not determinable from

the record, upon which the accused could be entitled to relief, the trial judge abuses his discretion in failing to hold a hearing pursuant to Rule 31(d).

## IV.

■ Appellant's motion for new trial, supported by his affidavit, was filed in a timely manner.[5] The motion raised a matter not determinable from the record, namely, that trial counsel was ineffective for failing to inform appellant of a plea bargain offered by the State. Because appellant's motion for new trial raised a matter not determinable from the record, upon which he could be entitled to relief, *see, Ex parte Wilson,* 724 S.W.2d 72, 74 (Tex.Cr. App.1987); *and Randle v. State,* 847 S.W.2d 576 (Tex.Cr.App.1993), we hold the trial judge abused his discretion in failing to hold a hearing pursuant to Rule 31(d). *McIntire,* 698 S.W.2d at 660. Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded to the trial court for a hearing on allegation IX of appellant's motion for new trial. *McIntire,* 698 S.W.2d at 661.

McCORMICK, P.J., joins Parts I., II. and III. of this opinion, but dissents to Part IV., believing the motion in this case does not rise to the level of reasonable grounds.

CAMPBELL and MEYERS, JJ., concur in the result only, believing that ineffective assistance of counsel is a specific ground for a new trial pursuant to Tex.R.App.Pro. Rule 30(b)(1), i.e., the appellant "has been denied counsel." Thus, they find it unnecessary to reach the question of whether a trial judge may consider matters not illuminated in Rule 30.

WHITE, J., concurs in the result.

---

4. As previously noted Rule 30(a) provides: "Except to adduce facts of a matter *not otherwise shown on the record,* a motion for new trial is not a requisite to presenting a point of error on appeal."

5. Rule 31(a)(1) provides, "A motion for new trial if filed may be filed prior to, or shall be filed within 30 days after, date sentence is imposed or suspended in open court." In the instant case, sentence was imposed on June 27, 1990. Appellant's motion for new trial was filed on July 24, 1990. Therefore, the motion was timely filed.