NO. 07-01-0346-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 12, 2001

_____

IN RE: DANNIE LEE MITCHELL

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Relator Dannie Lee Mitchell applies for a writ of mandamus/prohibition directing respondent, Honorable Bradley Underwood, to set aside relator's conviction in Cause No. 93-416,328 in the 364th District Court of Lubbock County, and to enter an order of acquittal.  We deny the petition.

Seeking a "writ of mandamus/prohibition," relator claims that the indictment underlying his conviction in Cause No. 93-416,328 in the 364th District Court of Lubbock County was defective, he was denied counsel before and at the time he pled guilty, and he received ineffective assistance of counsel after he pled guilty.  The documents attached to relator's application for writ are copies of (1) an indictment of relator in Lubbock County for robbery, enhanced by two prior felonies; (2) a judgment of guilty dated January 19,

1993, with a sentence of 25 years confinement in the TDC pursuant to a plea bargain; and (3) an affidavit of inability to employ counsel and order signed by respondent on January 19, 1993, appointing counsel for relator in Cause No. 93-416,328 in Lubbock County.

Relator asserts that the Court of Criminal Appeals has ruled that defects in an indictment can be challenged at trial or on appeal. He does not allege or attach documents, however, showing whether he or his counsel challenged the indictment pretrial, filed a motion for new trial to assert his current claims of ineffective assistance of counsel or errors in the indictment, whether he utilized his right to appeal from his conviction to assert the claims he now makes, or whether he has sought relief post-trial as permitted by the Code of Criminal Procedure. See TEX. CRIM. PROC. CODE ANN. art. 28.01 (pre-trial motions to challenge form or substance of indictment), art. 44.01 (defendant has right of appeal), art. 11.07 (writ of habeas corpus seeking relief from felony judgment imposing sentence other than death); Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000) (appellant must offer proof as to ineffective assistance of counsel to prevail on such claim); Reyes v. State, 849 S.W.2d 812, 815 (Tex.Crim.App. 1993) (a complaint of ineffective assistance of counsel may be raised in a motion for new trial).

A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994). To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and

principles. See Downer v. Aquamarine Operators, 701 S.W.2d 238, 241-42 (Tex. 1985). It is the relator's burden to show entitlement to the relief being requested. See generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the petition a certified sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding and a properly authenticated transcript of any relevant testimony from any underlying proceeding including any exhibits offered in evidence or a statement that no testimony was adduced in connection with the matter about which complaint is made. TEX. R. APP. P. 52.7(a).

Relator's pleadings do not demonstrate that he has not had and utilized, or that he does not now have, a remedy provided by law other than mandamus relief. Accordingly, (1) relator's Motion Request for Leave to File is granted; (2) relator's Motion of Request to Suspend Number of Copies to be Filed is granted; (3) relator's "Writ of Mandamus/Prohibition" is denied. TEX. R. APP. P. 52.8(a). We offer no opinion on the merits of relator's substantive claims as set out in his petition.

Phil Johnson
Justice

Do not publish.

3