11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Wanda Lanelle Crane

Appellant

Vs.                   No.
11-01-00193-CR  B Appeal from Taylor County

State of Texas

Appellee

 

This is an
appeal from a judgment revoking appellant=s community supervision.  On
November 6, 1998, the trial court originally convicted appellant, upon her
guilty plea, of possession of methamphetamine and assessed her punishment at
confinement for 2 years and a $750 fine. 
Pursuant to the plea bargain agreement, the trial court suspended the
confinement portion of the sentence and placed appellant on community
supervision for 4 years. Later, the State filed a motion to revoke the
community supervision. At the hearing on the State=s motion to revoke, appellant pleaded true to
all of the State=s allegations that she violated the terms and
conditions of her community supervision. 
On the same date, appellant pleaded guilty to a new charge of possession
of methamphetamine pursuant to a plea bargain. 
The trial court found that appellant had violated the terms and
conditions of her community supervision and sentenced her to 2 years
confinement and a $750. fine.  We
affirm.








Appellant
filed one motion for new trial, but the motion contained the cause number in
the revocation proceeding as well as the cause number in the new
methamphetamine case.[1]  It is clear that the intent of the motion
for new trial was to question the validity of the guilty plea in the new
methamphetamine case.  Appellant reasons
that, if the guilty plea in the new methamphetamine case was involuntary, then
her plea of true in the community supervision revocation proceeding was also
invalid.  Appellant=s complaint is that her trial counsel and a
law enforcement officer coerced her into entering a guilty plea.  The trial court granted the motion for new
trial in the new methamphetamine case but denied the motion insofar as the revocation
was concerned. 

Even if we
agree that the trial court could not consider the plea in the new
methamphetamine case in its revocation determination, the trial court did not
abuse its discretion when it revoked appellant=s community supervision.  At the
hearing on the motion for new trial, appellant admitted violating other terms
and conditions of her community supervision. 
Further, she had previously entered pleas of true to allegations that
she violated Conditions Nos. 6 and 7 of her community supervision.[2]  

At a
community supervision revocation hearing, the State has the burden of proving,
by a preponderance of the evidence, that a condition of the community
supervision has been violated.  Jenkins
v. State, 740 S.W.2d 435, 437 (Tex.Cr.App.1983).  Proof of any one violation of the terms and conditions of the
community supervision is sufficient to support the revocation.  Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App.1980).   Because the record reflects that appellant
violated Conditions Nos. 6 and 7 of her community supervision, the trial court
did not abuse its discretion, and appellant=s sole point of error is overruled.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

November 30, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











[1] The State points out that appellant=s motion for new trial was not accompanied by a sworn
affidavit.   A sworn  motion for new trial is required for a
hearing and, as a matter of due pleading, when the motion raises matters not
contained within the record.  Reyes v.
State, 849 S.W.2d 812, 816 (Tex.Cr.App.1993). 
The affidavit must be sworn by the accused or another with knowledge
that the facts alleged in the motion, but were outside of the record, are
true.  Reyes v. State, supra at
816.  Because appellant=s motion was not sworn, it would not have been error
even if the trial court had not held a hearing on the motion.  The State also asserts that appellant filed
a notice of appeal by means of a handwritten letter to the trial court.   For the purpose of this appeal, we will
assume, without holding, that appellant=s
letter is not a notice of appeal.





[2] Conditions Nos. 6 and 7 are: 

 

(6)  said
defendant, Wanda Lanelle Crane, violated condition N which states in part that
she will pay a fine of $750.00 at a rate of $35.00 on/or before the report date
of each month; in that said defendant, Wanda Lanelle Crane, failed to pay a
fine of $750.00 at a rate of $35.00 on/or before the report date of each month
as directed, specifically December 1998, September 1999 through December 1999,
January 2000 through December 2000 and January 2001;

 

(7)  said defendant, Wanda
Lanelle Crane, violated condition N which states in part that she will pay a
supervision fee of $35.00 due on/or before the report date of each month; in
that said defendant, Wanda Lanelle Crane, failed to pay a supervision fee of
$35.00 each month as directed, specifically December 2000 and January 2001.