Opinion issued June 19, 2003






 











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00600-CR
____________
 
WILLIE H. ELDRIDGE III, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1,072,195
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Willie H. Eldridge III, guilty of driving while
intoxicated. The trial court assessed his punishment at 180 days in jail, suspended the
sentence and placed appellant on community supervision for nine months, and a $200
fine. In four points of error, appellant contends that the trial court erred in: (1) failing
to conduct an evidentiary hearing on his motion for new trial, (2) failing to conduct
a suppression hearing outside the presence of the jury, (3) denying his motion for
mistrial, and (4) submitting a coercive Allen charge.
Background
          On April 9, 2001, appellant was operating a motorcycle and crashed into a van. 
Seabrook Police Officer D. Hough administered field sobriety tests on appellant, and
appellant took two alcohol breath tests. Hough believed appellant was intoxicated
and arrested him.
          Appellant filed a motion to suppress the breath test results and any
extrapolation testimony. After carrying the motion with the trial, the trial court
suppressed the results of the breath tests and all testimony regarding extrapolation.
Hearing on Motion for New Trial
          In his first point of error, appellant argues that the trial court erred in failing to
conduct an evidentiary hearing on his motion for new trial because he alleged, in his
motion, that the “jury considered matters not in evidence” and that members of the
jury were “coerced into finding [him] guilty.” 
          We review a trial court’s refusal to hold an evidentiary hearing on a motion for
new trial for an abuse of discretion. Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim.
App. 1993). A trial court abuses its discretion in denying a hearing on a timely filed
motion for new trial if the motion raises a matter outside the record upon which relief
could be granted. Id. An affidavit is required with a motion for new trial when a
party is attacking the jury’s verdict on matters outside of the record. Id. A motion
for new trial alleging jury misconduct filed without supporting affidavits is not a
proper pleading and is fatally defective. Dugard v. State, 688 S.W.2d 524, 529 (Tex.
Crim. App. 1985).
          Here, although appellant argued that there was jury misconduct and challenged
matters outside the record, appellant failed to attach a supporting affidavit to his
motion for new trial. Thus, appellant’s motion for new trial was not properly
supported by evidence showing reasonable grounds entitling him to a new trial. 
Therefore, we hold that the trial court did not abuse its discretion in refusing to hold
an evidentiary hearing on appellant’s motion for new trial.
          We overrule appellant’s first point of error.
Suppression Hearing
          In his second point of error, appellant argues that the trial court erred in not
conducting a suppression hearing outside the presence of the jury concerning the
admissibility of breath test extrapolation, denying him a fair trial.
          However, the record reflects that, outside the presence of the jury, the parties
agreed to stipulate that appellant consumed alcoholic beverages before operating his
motorcycle. As per the stipulation, the trial court suppressed the breath test results
and no extrapolation testimony was admitted before the jury.
          We overrule appellant’s second point of error.
Motion for Mistrial
          In his third point of error, appellant argues that the trial court erred in not
granting his motion for mistrial after the jury indicated that it was deadlocked because 
the State consented to the motion and that the trial court was then required to declare
a mistrial. See Tex. Code Crim. Proc. Ann. art. 36.31 (Vernon 1981).
          Appellant argues that the following exchange during the trial indicates the
State’s consent to a mistrial:
          The Court:                       All right. Have you read the Allen charge?
          [Defense Counsel]:          Yes sir.
          The Court:                       Any objections?
[Defense Counsel]:Yes, sir. I don’t want–to think it’s–of course,
I object to it going back, I think it’s obvious,
you know, they sent out all these notes, they
sent out the last series of notes, you brought
them in, you read it to them, they went back,
they said they’re deadlocked. I move for a
mistrial at this time, sir.
 
          The Court:                       What’s the State’s position?
          [The State]:                      I don’t have an objection to it at all, 
                                                   Your Honor.

          Appellant has taken the comments of the State out of context. The record
indicates that the State did not consent to a mistrial but simply stated that it had no
objection to the Allen charge. Thus, we hold that the trial court did not err in denying
appellant’s motion for a mistrial.
          We overrule appellant’s third point of error.
Allen Charge
          In his fourth point of error, appellant argues that the trial court erred in
submitting an Allen or “dynamite” charge to the jury because the charge was coercive. 
He argues that the charge did “not encourages [sic] all jurors to rethink their
position,” and it placed an “undue burden on the minority reevaluating their
position.” 
          An Allen charge is given to instruct a deadlocked jury to continue deliberating. 
See Allen v. United States, 164 U.S. 492, 501, 17 S. Ct. 154, 157 (1896). The use of
such a charge under these circumstances has been approved by the Court of Criminal
Appeals. Howard v. State, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996). The
primary inquiry is the coercive effect of such a charge on juror deliberation in its
context and under all circumstances. Id. 
          The record shows that the jury was having difficulty reaching a verdict. The
jury sent a note to the trial court indicating that it was “deadlocked, 5-1.” The record
is clear that the information as to numeric division was an unsolicited and extraneous
reference in the jury’s note. The note did not identify the minority dissenter, nor did
the note indicate how the jury was divided. Moreover, the trial court did not probe
the jury or attempt to identify the minority juror. 
          Here, the language of the trial court’s Allen charge is almost identical to the
language approved by the United States Supreme Court. See Allen, 164 U.S. at 501,
17 S. Ct. at 157. The record indicates that the trial court directed the jurors to debate
the issues in good faith, to reconsider their own views, and to change such views only
if this could be done without violence to their individual consciences. Thus, we hold
that the trial court’s Allen charge was noncoercive. 
          We overrule appellant’s fourth point of error.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).