Affirmed and Memorandum Opinion filed May 27, 2004









Affirmed and Memorandum Opinion filed May 27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00514-CR

____________

 

CHRISTOPHER
SMITH,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

___________________________________________________

 

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 911,354

 

___________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of
guilty without an agreed recommendation to the offense of aggravated
robbery.  He was convicted and the trial
court assessed punishment at confinement for twenty years in the Institutional
Division of the Texas Department of Criminal Justice.  In a single issue, appellant contends the
trial court erred in denying his motion for new trial without conducting a
hearing.  We affirm.








After his guilty plea, appellant
filed a motion asking the trial court to grant a new trial because appellant
had obtained newly discovered evidence. 
No affidavit accompanied the motion. 
We review a trial court=s denial
of a hearing on a motion for new trial for an abuse of discretion.  State v. Gonzalez, 855 S.W.2d 692, 696
(Tex. Crim. App. 1993).  Under that
standard, we reverse Aonly when
the trial judge=s
decision was so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.@  Id. at 695 n.4.  We may not substitute our judgment for that
of the trial court, but rather must decide whether the trial court=s
decision was arbitrary or unreasonable.  Id.

The purpose of a hearing on a
motion for new trial is for a defendant to develop the issues raised in the
motion.  Jordan v. State, 883
S.W.2d 664, 665 (Tex. Crim. App. 1994). 
A defendant does not have an absolute right to a hearing on a motion for
new trial.  Reyes v. State, 849
S.W.2d 812, 815 (Tex. Crim. App. 1993). 
As a prerequisite to a hearing, the motion for new trial must be
supported by an affidavit specifically showing the truth of the grounds alleged
as a basis for a new trial.  Id.
at 816.  Because appellant=s motion
is not accompanied by an affidavit, he was not entitled to a new trial.  See id.  Appellant=s sole
issue is overruled.[1]

The judgment of the trial court
is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Memorandum Opinion filed May 27, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant
filed a first amended motion for new trial on different grounds, which was
accompanied by an affidavit.  On appeal,
appellant does not complain of the denial of a hearing on his first amended
motion.  We note, however, that appellant
would not be entitled to a hearing on that motion because the affidavit
supporting the motion is conclusory.  See
Buerger v. State, 60 S.W.3d 358, 362B63 (Tex.
App.CHouston [14th Dist.] 2001, pet. ref=d).