

NUMBER 13-07-00241-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LAKISHA AUNETTE BROOKS
A/K/A LAKISHA BROOKS,                                      Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

On appeal from the Criminal District Court
of Jefferson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Garza**

Appellant, Lakisha Aunette Brooks a/k/a Lakisha Brooks, was charged by indictment with aggravated robbery, a first degree felony. Tex. Penal Code Ann. § 29.03(a), (b) (Vernon 2003). Brooks pleaded guilty to the charge of aggravated robbery, and the trial court assessed punishment at thirty years' imprisonment. By one issue, Brooks contends that the trial court erred in failing to hold a hearing on her motion for new trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Brooks was indicted by a Jefferson County grand jury for aggravated robbery, a first degree felony. The charges against Brooks stemmed from a robbery gone wrong at the residence of Edward Houston on June 27, 2004. Several females, including Brooks, were involved in the robbery, which resulted in the death of one of the residents of the home by gunshot.[1]

At a hearing on November 27, 2006, Brooks waived her right to a jury trial and pleaded guilty. She acknowledged that her plea of guilty was made without the benefit of a binding plea agreement or recommendation as to punishment from the State.[2] After the preparation of the pre-sentence investigation report, the trial court found Brooks guilty and sentenced her to thirty years' confinement on February 5, 2007.[3]

On February 8, 2007, Brooks filed a motion for reconsideration or reduction of sentence, which the trial court subsequently denied on February 9, 2007. On February 14, 2007, Brooks filed a pro se notice of appeal. The trial court certified Brooks's right to appeal on February 26, 2007. Brooks filed a motion for new trial on February 26, 2007, asserting that "[t]he Court sentenced the Defendant to 30 years, which was in excess of

---

[1] The State did not charge Brooks with capital murder; instead, it brought a one count indictment for aggravated robbery against Brooks. The facts pertaining to Brooks's conviction are not at issue in this appeal.

[2] In its judgment of conviction, the trial court makes the following notations with respect to the terms of a plea agreement: "UNAGREED[;] THE STATE RECOMMENDS DISMISSAL OF CAUSE 92531 ROBBERY AND CAUSE 92532 POSSESSION OF A CONTROLLED SUBSTANCE. THE DEFENDANT RECOMMENDS DEFERRED PROBATION AND IF NOT PROBATION[,] THEN FIVE (5) YEARS [in] PRISON."

[3] In its judgment of conviction, the trial court described the offense as follows: "AGGRAVATED ROBBERY A REPEAT FELONY OFFENDER." We note that the trial court's sentence was well within the sentencing range provided for first degree felony convictions. *See* TEX. PENAL CODE ANN. § 12.32(a) (Vernon 2003) ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the institutional division for life or for any term of not more than 99 years or less than 5 years.").

the 15 year plea bargain offer." Brooks alleged in her motion that "[o]n or about August 18, 2004, the State made an offer of 15 years in prison in exchange for a plea of guilty" and that she cooperated with the State by testifying against her co-defendants in their respective trials. As a result of the alleged plea offer by the State and her cooperation with the State in the trials of her co-defendants, Brooks contended that the trial court should have granted her motion for new trial and "enter[ed] a sentence of 15 years, or less." The trial court subsequently denied Brooks's motion for new trial without a hearing.

On March 7, 2007, the trial court entered a nunc pro tunc judgment of conviction.[4] This appeal ensued.

## II. APPLICABLE LAW

When a defendant presents a motion for new trial raising matters not determinable from the record, which could entitle her to relief, the trial judge abuses his discretion in failing to hold a hearing. *King v. State*, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000) (en banc) (citing *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993)). The motion must be supported by an affidavit specifically showing the truth of the grounds of attack. *Id.* "Otherwise, general entitlement to a hearing could lead to 'fishing expeditions.'" *Id.*

The affidavit is not required to reflect every component legally required to establish relief, but the motion for new trial or the affidavit must reflect that reasonable grounds exist for holding that such relief could be granted. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (citing *Reyes*, 849 S.W.2d at 816). If the defendant's motion and affidavit are sufficient to raise reasonable grounds, then a hearing on the motion for a new trial is

---

[4] In its nunc pro tunc judgment of conviction, the trial court corrected a clerical error in the original judgment of conviction. Specifically, the trial court changed the offense description from "AGGRAVATED ROBBERY A REPEAT FELONY OFFENDER," as contained in the original judgment of conviction, to "AGGRAVATED ROBBERY."

mandatory to develop the issues raised. *Id.*

### III. DISCUSSION

In her sole issue on appeal, Brooks contends that the trial court committed error by not conducting a hearing on her motion for new trial. Specifically, Brooks asserts that there is a significant issue as to the existence of a plea agreement with the State that contained a sentencing cap of fifteen years. The State counters by arguing that Brooks's motion for new trial and supporting affidavit do not set forth any reasonable basis for relief and that these documents contradict the record. The State also argues that Brooks failed to request a hearing on her motion for new trial within seventy-five days of sentencing.

In her motion for new trial, Brooks asserts that the State offered her fifteen years' imprisonment in exchange for a plea of guilty and that she was cooperating with the State by testifying against the co-defendants in this matter. Brooks further noted that "both Defendant's lawyer and the State's lawyer incorrectly informed the Court that there was no plea bargain" at the time of her sentencing. As a result of the alleged plea bargain with the State, Brooks stated that the trial court impermissibly sentenced her in excess of the alleged fifteen-year plea bargain offer. Brooks's trial counsel provided the supporting affidavit which stated: "I am the attorney for the defendant in the above titled and numbered cause. I have read the foregoing Motion for New Trial and swear that all of the allegations of fact contained therein are true and correct to my knowledge at the time." However, the affidavit does not explain how the alleged plea bargain arose or whether both parties actually came to an agreement. Brooks repeatedly refers to the alleged plea agreement as a "plea bargain offer," which would not constitute a meeting of the minds that is necessary for a binding plea agreement. *See Ortiz v. State*, 933 S.W.2d 102, 104 (Tex.

4

Crim. App. 1996) (holding that a plea agreement is a contractual arrangement and it is not binding on all of the necessary parties until such parties agree to the terms of the contract).

Brooks's motion for new trial and supporting affidavit makes conclusory allegations that appear to contradict the record. The record reflects that neither the State nor Brooks entered into a binding plea agreement. In fact, Brooks and her trial counsel both admitted that they were unable to reach a plea agreement with the State. At a hearing conducted on November 27, 2006, the following exchange occurred:

THE COURT: Ms. Brooks, I'll ask you again: To this indictment do you enter a plea of guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Have you voluntarily entered your plea of guilty?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: Ms. Brooks, this offense carries a range of punishment by confinement in state prison for a term of life or for any term of not more than 99 years or less than five years. In addition, you may be assessed a fine not to exceed $10,000. Do you understand this is the range of punishment for this offense?

THE DEFENDANT: Yes, sir.

THE COURT: Ms. Brooks, you and your attorney have not been able to enter into a plea bargain agreement with the State on this case. Do you understand?

THE DEFENDANT: Yes, sir.

At the sentencing hearing on February 5, 2007, the State noted that it and Brooks did not enter into a plea agreement. At the same hearing, Brooks's trial counsel noted the following: "Ms. Brooks in her plea to you is subject to the whole range, anywhere from

probation up to life, as *there is no cap*." (emphasis added). Moreover, in its judgment of conviction, the trial court explicitly stated that the parties did not agree to terms on a plea agreement.

We further note that the record does not contain any request from Brooks for a hearing on her motion for new trial. *See Ryan v. State*, 937 S.W.2d 93, 97 (Tex. App.–Beaumont 1996, pet. ref'd) (citing *Brooks v. State*, 894 S.W.2d 843, 847 (Tex. App.–Tyler 1995, no pet.)) (noting that "[t]he burden was on appellant, through her appointed counsel, to request and obtain a hearing on her motion [for new trial] prior to the 75th day after imposition of sentence."). It is clear to this Court that Brooks's motion for new trial merely constitutes a "fishing expedition." Therefore, because the record contradicts the bald allegations made in Brooks's motion for new trial and supporting affidavit and because Brooks did not make a timely request for a hearing, we conclude that there were no reasonable grounds upon which relief could have been granted with respect to Brooks's motion for new trial. Therefore, the trial court did not abuse its discretion in not holding a hearing. Accordingly, we overrule Brooks's sole issue on appeal.

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 22nd day of May, 2008.

6