# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00263-CR

**Charles Lugo, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 04-223-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a hearing on the State's motions to adjudicate, the trial court rendered judgments convicting appellant Charles Lugo on two counts of sexual assault of a child. *See* Tex. Penal Code Ann. § 22.011 (West Supp. 2009). The court assessed punishment at twenty years' imprisonment on each count and ordered that the sentences be served consecutively. In two issues, appellant contends that the trial court abused its discretion by failing to conduct a hearing on his motion for new trial and that his pleas of true at the adjudication hearing were involuntary. We affirm the judgments.

The indictment in this cause alleged four counts of sexual assault of a child. The record reflects that the complainant was a fifteen-year-old girl, a classmate of appellant's daughter, with whom appellant had sexual intercourse on the four dates alleged. On April 25, 2005, appellant pleaded guilty to counts one and two pursuant to an agreement under which appellant would receive

five years deferred adjudication community supervision on those counts and counts three and four would be disposed of under section 12.45. *See id.* § 12.45 (West 2003); *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2009). On May 31, 2005, the trial court accepted the agreement and entered deferred adjudication orders conforming to it.

The State filed motions to adjudicate on January 27, 2006. The motions alleged that appellant violated the conditions of his supervision by going to a place where alcoholic beverages are possessed, sold, or used on January 4 and 14, 2006. At a hearing on May 23, 2006, appellant pleaded true to the alleged violations.

The State's only witness at the adjudication hearing was Candace Bell, who testified that she was a friend of the complaining witness and a former classmate of appellant's daughter. Bell testified that on the two nights in question, she saw appellant at Graham Central Station, a nightclub where alcoholic beverages are sold and consumed. In his own testimony, appellant acknowledged going to the club but offered an explanation for both occurrences. Appellant testified that on January 4, he had taken a friend to the club and was about to drive away without going inside when he received a call on his cell phone. The caller was the friend's girlfriend, who said there was an emergency. Appellant testified that he went inside the club to find his friend and give him the cell phone. As for the January 14 incident, appellant testified that he went to the club because they were offering a free buffet. He denied drinking on either occasion. During his testimony, appellant was asked by his attorney, "If the Court is willing and feels like it's in the interest of society for you to be placed on a regular probation, do you feel like you could work that?" The State objected to the question, correctly pointing out that ordinary community supervision was not a legal option.

2

*See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(H) (West Supp. 2009).  At the conclusion of the

hearing, the trial court adjudicated appellant guilty and imposed sentence as described.

On May 12, 2008, the court of criminal appeals granted appellant habeas corpus relief

in the form of an out-of-time appeal.  The attorney appointed to represent appellant in this appeal

filed a motion for new trial supported by appellant's statement under penalty of perjury (which we

will hereafter refer to as appellant's affidavit).  The primary allegation in the motion was that

appellant's counsel at the adjudication hearing rendered ineffective assistance in that he failed to

investigate the relevant facts and law, failed to interview prospective defense witnesses, and

erroneously advised appellant that he would be eligible for ordinary community supervision if he

were adjudicated guilty.  More specifically, the motion alleged:

> Counsel failed to contact appellant for three months following his appointment, and first interviewed appellant on the day before the adjudication hearing was first set. At subsequent meetings, counsel told appellant that, due to family matters, he had not had time to prepare for the adjudication hearing.

> Appellant told counsel that his probation officer, Elle Eddy, advised him that it was acceptable for him to enter establishments that served alcohol so long as they had a food menu and he did not consume any alcohol.  Appellant also told counsel that employees of Graham Central Station could confirm the free buffet on January 14, and that appellant's three roommates heard Eddy tell appellant that he could be around alcohol so long as he did not consume it.

> On the day of the hearing, counsel told appellant that the State's only witness was going to be the probation officer supervisor, who did not testify.  When counsel learned that Candace Bell was going to testify, he asked appellant who she was.

> Appellant told counsel that he did not want to go forward with the hearing because he believed that counsel was unprepared.  Counsel told appellant that it was best "to get this over with."

3

Counsel advised appellant to admit that he had entered Graham Central Station and to explain why he had done so. Counsel told appellant that even if the court were to adjudicate him guilty, there was a chance that the court would place him on regular community supervision. Appellant pleaded true based on this erroneous advice.

On July 2, 2008, the trial court signed an order denying the motion for new trial without a hearing.

By his first issue, appellant urges that the trial court abused its discretion by refusing to conduct a "live hearing" on the motion for new trial. The order states that the court overruled the motion for new trial after considering "the motion, the State's response, the affidavits of [appellant's adjudication hearing counsel] and the defendant, and the Court's personal recollection of the hearing on the State's motion to adjudicate guilt." Appellant contends that under the circumstances, he was entitled to a hearing at which his attorney at the adjudication hearing could be questioned and the veracity of counsel's affidavit could be challenged.[1]

A trial court abuses its discretion if it fails to hold a hearing on a motion for new trial raising matters that are not determinable from the record. *Holden v. State*, 201 S.W.3d 76, 763 (Tex. Crim. App. 2006) (citing *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993)). A trial court may, however, rule on the motion based on sworn pleadings and affidavits without oral testimony; live testimony is not required. *Id*. (citing *Rivera v. State*, 89 S.W.3d 55, 58-59 n.9 (Tex. Crim. App. 2002)). "It has long been held that a trial court may decide a motion for new trial based on sworn pleadings and affidavits admitted in evidence without hearing oral testimony." *Id*. (quoting *Scaggs*

---

[1] Counsel's affidavit was submitted to the trial court in appellant's post-conviction habeas corpus proceeding. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(d) (West Supp. 2009). After appellant was granted the out-of-time appeal and the motion for new trial was filed, counsel for the State wrote a letter to the trial court asking that the affidavit be considered in response to the motion.

4

*v. State*, 18 S.W.3d 277, 281 (Tex. App.—Austin 2000, pet. ref'd)). In *Holden*, the court of criminal appeals refused to adopt a per se rule that a trial court must hear live testimony whenever there is a factual dispute in the affidavits and a party asks for testimony. *Id*. at 764. The court stated that "such a procedure is not always in error," necessarily implying that there are circumstances in which it would be error. *Id*. at 762. The trial court's decision to conduct a hearing on the basis of affidavits alone is reviewed for an abuse of discretion. *Id*. at 764.

Both parties have briefed the question of whether the trial court abused its discretion by conducting a hearing without live testimony. This question is beside the point, however, because the trial court did not conduct a hearing. The court's order states that no hearing was held. Although the court purported to rely on the contents of appellant's and counsel's affidavits, these documents were not in evidence. *See Scaggs*, 18 S.W.3d at 281 (stating that trial court may decide motion for new trial based on sworn pleadings and affidavits admitted in evidence). Allegations made in a motion for new trial or a supporting affidavit are not self-proving and must be offered in evidence at a hearing. *Rouse v. State*, No. PD-1533-08, 2009 Tex. Crim. App. LEXIS 1737, at *22 (Tex. Crim. App. Dec. 9, 2009); *see McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985) (stating that motion for new trial may be resolved exclusively on basis of affidavit, but hearing is required to introduce affidavit into evidence). The order overruling appellant's motion for new trial states that "[*h*]*ad a hearing been held . . .* , the Court would have limited the evidence admitted during the hearing to witness affidavits pursuant to Texas Rule of Appellate Procedure 21.7." (Emphasis added.) The question in this cause is not whether the trial court abused its discretion by

5

conducting a hearing limited to affidavits only, but whether the trial court abused its discretion by overruling appellant's motion for new trial without conducting a hearing of any kind.

Appellant's motion for new trial raised matters not determinable from the record, namely that appellant's counsel at the adjudication hearing failed to adequately prepare for the hearing, failed to interview or call defense witnesses, and erroneously advised appellant that he would be eligible for ordinary community supervision if he were adjudicated guilty. But in order to obtain a hearing on a motion for new trial alleging ineffective assistance of counsel, the defendant must allege sufficient facts from which a trial court could reasonably conclude both that (1) counsel failed to act as a reasonably competent attorney and (2) but for counsel's failure, there is a reasonable likelihood that the outcome of the trial (here, the adjudication hearing) would have been different. *Smith v. State*, 286 S.W.3d 333, 340-41 (Tex. Crim. App. 2009). In this case, appellant's motion for new trial was inadequate with respect to the prejudice prong.

Appellant did not allege that he would not have pleaded true and would not have testified at the adjudication hearing but for counsel's alleged deficiencies. In any event, there is no reasonable likelihood that the trial court would not have adjudicated appellant guilty on the basis of Bell's testimony alone, nor is it reasonably likely that the trial court would have elected to continue appellant's deferred adjudication community supervision if Eddy had testified that she advised appellant that he was permitted to enter establishments serving alcoholic beverages or if other witnesses had confirmed appellant's testimony regarding the reasons he entered the nightclub on the nights in question. In reaching this conclusion, we do not rely on the statements made in counsel's affidavit, which is not in evidence. We do consider the record from appellant's original guilty plea,

6

which reflects that the trial court expressed strong reservations about the plea bargain placing appellant on deferred adjudication supervision, and that appellant's sexual relationship with the complainant began at a nightclub not unlike the club at which appellant was seen in January 2006. As for the sentences imposed by the court after adjudicating appellant guilty, only the trial court could know the factors that influenced the punishment decision or how counsel's alleged deficiencies, if true, might have affected that decision. *See Smith*, 286 S.W.3d at 344. We presume that the court knew that the facts alleged in the motion for new trial would not have influenced its ultimate normative judgment regarding the proper punishment. *Id*. at 345. Issue one is overruled.

By his second issue, appellant contends that his pleas of true at the adjudication hearing were involuntary. Although appellant did not raise this issue in his motion for new trial, he now contends that his attorney's failure to properly advise him regarding the effect of the pleas of true and counsel's erroneous advice regarding the availability of regular community supervision rendered the pleas involuntary.

Appellant relies in part on facts alleged in his affidavit in support of the motion for new trial. As we have already explained, that affidavit is not in evidence. The only evidence before us relevant to this contention is counsel's reference to the possibility of regular community supervision during the adjudication hearing. Even if we assume from this that counsel was unaware of the fact that appellant was not eligible for regular community supervision, there is no evidence that counsel misled appellant in this respect or that appellant would not have pleaded true had he known that regular community supervision was not an available option. Issue two is overruled.

7

The judgments of conviction are affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   January 12, 2010

Do Not Publish