**Motion Granted; Abatement Order filed February 4, 2020**



In The

# Fourteenth Court of Appeals

_____

NO. 14-18-00882-CR
NO.  14-18-00883-CR
_____

**KEISHUNN LAMONT  REED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause Nos. 1380046 & 1380047**

## ABATEMENT ORDER

Appellant was granted on out-of-time appeal and timely filed a motion for new trial, which was overruled by operation of law. On appeal, appellant's first issue asserts he was entitled to a hearing on his motion for new trial. The State agreed and filed a motion to abate the appeal for a hearing on appellant's motion for new trial. A response was requested, and appellant joined the State's motion for abatement.

A trial court abuses its discretion in failing to hold a hearing on a motion for new trial that raises matters that are not determinable from the record. *See Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). To be entitled to a hearing, appellant must have timely filed and presented his motion for new trial supported by an affidavit specifically showing the truth of the grounds of the attack. *Id.* A hearing on the motion for new trial is mandatory if the motion for new trial and supporting affidavit are sufficient. *Id*. Appellant is not required to establish a prima facie case but must assert only reasonable grounds for relief that are not determinable from the record. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). The purpose of the hearing is to develop the issues raised in the motion for new trial. *Id*.

Appellant timely filed and presented his motion for new trial which is supported by affidavit. A hearing was necessary to develop the facts supporting appellant's claims of ineffective assistance of counsel. The trial court abused its discretion by failing to conduct a hearing.

Accordingly, we abate this appeal for 60 days and remand to the trial court to conduct a hearing on appellant's motion for new trial. The judge shall see that a record of the hearing is made, and shall order the court reporter and the trial clerk to forward a transcribed record of the hearing and a supplemental clerk's record containing the trial court's signed order ruling on the motion for new trial. Those records shall be filed with the clerk of this court on or before **May 4, 2020.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental reporter's and clerk's records are filed. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may

reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of the date and time of the hearing.


PER CURIAM


Panel consists of Justices Bourliot, Hassan and Poissant.