

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0744-20

---

### BRIANE MOSS, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

---

**YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.**

### <u>CONCURRING OPINION</u>

On August 26, 2016, Briane Moss, Appellant, pled guilty to the offense of evading arrest in a vehicle. The trial court placed her on deferred adjudication community supervision for four years pursuant to a plea bargain. Later, on November 27, 2018, Appellant was adjudicated guilty and sentenced to ten years' confinement in the Texas Department of Criminal Justice; however, the trial court suspended the sentence and placed Appellant on five years of community supervision. Appellant filed a motion for new trial, which was overruled by operation of law.

On appeal, the Seventh Court of Appeals affirmed the trial court, concluding that the trial court did not err by refusing to hold a hearing on the motion for new trial. *Moss v. State*, No. 07-18-00437-CR, 2020 WL 5036088, at \*2 (Tex. App.—Amarillo June 29, 2020) (mem. op., not designated for publication). The court of appeals reasoned that, "[b]ecause appellant's motion for new trial was based on matters extrinsic to the record but was not supported by an affidavit, the motion was insufficient as a matter of law." *Id.* In Appellant's petition for discretionary review, she argues that this Court should overrule precedent requiring a motion for new trial to be supported by an affidavit when no statute or appellate rule requires such an affidavit. Today, the Court refuses Appellant's petition for discretionary review. I agree with the Court's decision but write separately to express my thoughts on the matter.

"A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." TEX. CODE CRIM. PROC. art. 40.001. Rule 21 of the Texas Rules of Appellate Procedure dictates how an appellant should present a motion for new trial. Rule 21.7 provides that "[t]he court *may* receive evidence by affidavit or otherwise." TEX. R. APP. P. 21.7 (emphasis added). There is no absolute requirement in the Rules that an affidavit be presented. And this does not appear to be a situation like that in *Cullen v. State*, 195 S.W.3d 696 (Tex. Crim. App. 2006), in which the failure to require something not required explicitly by the procedural rules in place results in the curtailment of a statutory right afforded to a party. *See id.* at 698 ("In this case, the trial court's refusal to act [by entering findings of fact] prevented the court of appeals from meaningful review of the decision to grant the motion to suppress."). Nonetheless, this Court has made the presentment of an affidavit a prerequisite to obtaining a hearing on a motion for new trial.

*Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993) (en banc). "[W]e required, 'as a prerequisite to obtaining a hearing' and 'as a matter of pleading,' motions for new trial be supported by affidavit, either of the accused or someone else specifically showing the truth of the grounds of attack." *Id.* (citing *McIntire v. State*, 698 S.W.2d 652 (Tex. Crim. App. 1985)). "Although the Code of Criminal Procedure has never required that a motion for new trial be verified, . . . the Court went to great lengths to explain and support the rule that when the grounds for new trial are outside of the record an appellant 'must support it by his own affidavit *or the affidavit of someone else* specifically showing the truth of the grounds of attack.'" *Bearden v. State*, 648 S.W.2d 688, 690 (Tex. Crim. App. 1983) (emphasis in original).

I write separately today to express my reservations about this Court-made affidavit requirement. In an appropriate case, I believe the Court should take a second look at this manufactured rule. However, because there is nothing in the record to show that the motion for new trial in this case was presented to the trial court, any error was forfeited, and the trial court did not err in refusing to hold a hearing on the motion for new trial, regardless of whether it was accompanied by an affidavit. *See* TEX. R. APP. P. 21.6 ("The defendant must present the motion for new trial to the trial court within 10 days of filing it[.]"). With these thoughts, I concur.

FILED:                  March 31, 2021
PUBLISH