

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00297-CR

_____

GREGG MICHAEL HOSS, JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1782818

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

Gregg Michael Hoss Jr. did not testify in his jury trial, and the jury found him guilty of misdemeanor unlawful restraint of his wife. *See* Tex. Penal Code Ann. § 20.02. Hoss alleges on appeal that he was prevented from testifying because, although he wanted to testify, his trial counsel did not call him as a witness after telling him that his testimony would add nothing. He contends that he raised his counsel's failure to call him to testify in his motion for new trial and that the trial court erred by failing to hold an evidentiary hearing on the motion. He asks this court to remand for an evidentiary hearing on his motion for new trial (or grant the motion outright) due to ineffective assistance of counsel. We decline to do so but, instead, affirm.

## II. BACKGROUND FACTS

Hoss was arrested after an argument with his wife became physical.[1]

During the argument, Hoss's wife tried to leave the house with their two children. She and their older son went to her car, but she realized their younger son was still inside. When she returned to the house to retrieve him, Hoss confronted her.

---

[1]We provide a brief description of the offense to provide context for Hoss's appellate complaint.

The confrontation began verbally, then quickly devolved into a physical fight after Hoss knocked his wife's phone out of her hand. His wife punched him in the head; Hoss wrestled her down to the floor in a hallway. She wrestled away from him and picked up a board that they had knocked off the wall in their struggle. She told him she would hurt him if he did not let her leave with their younger son. In taking the shelf away from her, Hoss wedged her against the wall and got on top of her. Hoss got off of her quickly. She left the house and got in her car to try to leave. After Hoss blocked her to stop her from leaving the house, she called the police.

A grand jury indicted Hoss for assault causing bodily injury, assault causing injury by impeding breathing or circulation, and unlawful restraint. A jury ultimately found him guilty only of the unlawful restraint.

### III. STANDARD OF REVIEW AND APPLICABLE LAW

A defendant may raise an ineffective assistance of counsel claim in a motion for new trial. *Smith v. State*, 286 S.W.3d 333, 341 (Tex. Crim. App. 2009). To obtain a hearing, the movant must allege sufficient facts not determinable from the record from which a trial court could reasonably conclude that counsel's performance was deficient and prejudiced the defense. *Id.* at 338–41. We review a trial court's refusal to hold an evidentiary hearing on a motion for new trial for an abuse of discretion. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). A hearing is not an absolute right. *Id.*

3

In his motion for new trial, Hoss laid out several grounds for his allegation that his trial counsel was ineffective. On appeal, he raises only one: denial of his right to testify on his own behalf. Hoss alleges that he was prevented from testifying because, although he wanted to testify, counsel did not call him as a witness after telling Hoss his testimony would add nothing.[2]

The decision to testify or not is absolute and belongs to the defendant. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10; *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983). "Every criminal defendant is privileged to testify in his own defense, or to refuse to do so." *Harris v. New York*, 401 U.S. 222, 225, 91 S. Ct. 643, 645 (1971); *see Maddox v. State*, 613 S.W.2d 275, 280 (Tex. Crim. App.1980). "When a defendant has been deprived of the right to testify by his attorney, the usual *Strickland* prejudice analysis applies: 'the defendant must show a reasonable probability that the outcome of the proceeding would have been different had his attorney not precluded him from testifying.'" *Ruffin v. State*, No. 03-18-00013-CR, 2019 WL 4180767, at *3 (Tex. App.—Austin Sept. 4, 2019, pet. ref'd) (quoting *Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005)).

---

[2]In his brief, Hoss refers parenthetically to this reason "among other reasons," without further elaboration. We decline to take up issues outside the brief before us. *See Coleman v. State*, 632 S.W.2d 616, 619 (Tex. Crim. App. 1982); *see* Tex. R. App. P. 38.1(i) (requiring a brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

4

## IV.  HOSS'S DEFENSE WAS NOT PREJUDICED

Hoss did not establish his right to a hearing on his motion for new trial.  Even assuming that an evidentiary hearing would show that Hoss's trial counsel deprived him of his right to testify, Hoss cannot meet the *Strickland* prejudice prong.  *Strickland v. Washington*, 466 U.S. 668, 695, 104 S. Ct. 2052, 2068–69 (1984) (explaining that a defendant may show prejudice when there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt).

Hoss stated in his new-trial declaration that he would have testified that on a prior occasion his wife had taken the children and left the house for a week.[3]  Hoss says he would have testified that he was trying to prevent his wife from leaving with his two children but does not deny that he restrained her.  Hoss argues that, had he been able to testify, he would have argued that his restraint of his wife was for the purpose of controlling where his children were.[4]

---

[3]This fact is reflected in the record, introduced in his wife's testimony.  The remaining facts in his declaration are similarly reflected in the record.  Hoss has not demonstrated that his inability to provide his proposed cumulative testimony as to these facts prejudiced his defense.  *See Ex parte Flores*, 387 S.W.3d 626, 638 (Tex. Crim. App. 2012) (failing to introduce cumulative testimony does not give rise to *Strickland* prejudice).

[4]Hoss bases this argument on his misstatement of the elements of the offense. A person commits the offense of unlawful restraint if the person intentionally or knowingly restrains another person. Tex. Penal Code Ann. § 20.02(a).  The State need not prove that "the restraint was not for one of his children."

5

There are two defenses to prosecution for unlawful restraint under Texas Penal Code Section 20.02, but they apply only if the person restrained was younger than fourteen or seventeen years of age, respectively. Tex. Penal Code Ann. § 20.02(b)(1), (e)(1). Neither is applicable in this case because Hoss's wife was not younger than seventeen at the time. Thus, Hoss's proposed testimony would not have constituted a defense to prosecution. *See Webb v. State*, No. 13-11-00600-CR, 2012 WL 2356631, at *2 (Tex. App.—Corpus Christi–Edinburg June 21, 2012, no pet.) (mem. op., not designated for publication) (holding that defendant's testimony that would not constitute a defense was insufficient to show *Strickland* prejudice). Consequently, the trial court did not abuse its discretion by not holding a hearing on the motion for new trial.

## V.  CONCLUSION

Because Hoss does not demonstrate that his defense was prejudiced by counsel's alleged deficient performance in depriving him of his right to testify, we overrule his sole issue on appeal and affirm the trial court's disposition. *See Smith*, 286 S.W.3d at 341.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 5, 2024

6