Opinion issued February 11, 2010










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00609-CR




EVARISTO MORALES ZAMORA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1151449




MEMORANDUM OPINION

          A jury convicted appellant, Evaristo Morales Zamora, of possession of cocaine
weighing less than one gram and assessed punishment at imprisonment for 11 years.



In his sole issue, appellant argues that the trial court erred in failing to conduct a
hearing on his motion for a new trial.
          We affirm.
BACKGROUND
          On January 29, 2008, Houston Police Officer M. Chapnick and other members
of the Department’s tactical squad were conducting surveillance at a home at 563
Rocky Mountain, an address known to be involved in the distribution of narcotics. 
While on surveillance, Officer Chapnick saw appellant drive up, park, enter the
house, and leave a short time later. After appellant left the property, Officers J.
Oliver and J. Williams decided to stop appellant’s car for failing to use a turning
signal. Prior to stopping his car, both officers saw appellant moving inside the car as
if he were reaching toward his feet. Appellant stopped his vehicle at a gas station
after driving approximately 1/4 of a mile. 
          The officers approached appellant’s vehicle and asked him for identification. 
When he did not produce proper identification, they asked him to step out of the car. 
As appellant exited the driver’s side of the vehicle, Officer Williams saw what he
believed to be a crack pipe on the driver’s side floorboard. Appellant was arrested
for a traffic violation, and Officer Williams placed him in handcuffs. Officer Oliver
retrieved the crack pipe. In the process of retrieving the crack pipe, Officer Oliver
noticed a cigarette case on the passenger’s seat that contained another crack pipe. 
The crack pipe found on the driver’s side of appellant’s vehicle tested positive for
trace amounts of cocaine.
          The State indicted appellant for possession of a controlled substance. The
indictment contained two enhancement paragraphs, the first indicating that appellant
was convicted on “March 14, 2085.” On June 27, 2008, the State filed, and the trial
court granted, a motion to amend the indictment so that the date read “March 14,
1985.” Appellant’s trial began on July 7, 2008. At trial, the State called Officers
Chapnick, Oliver, and Williams, and S. Patel, of the police crime lab. The defense
called appellant’s mother, Emma Zamora. Her testimony included statements
regarding the tint of the windows on the car appellant was driving on the night of his
arrest. On July 8, 2008, a jury found appellant guilty of possessing a controlled
substance.
          In the punishment phase, only appellant and his mother testified; the State did
not call any witnesses. Appellant admitted to using drugs and conceded that his trial
attorney told him that he faced imprisonment for up to twenty years. Appellant’s
mother testified that she was aware of her son’s criminal history, that she would
continue to support him, and that she would assist him when the State released him
from incarceration. The jury found the two enhancement paragraphs included in the
indictment true and assessed punishment at imprisonment for 11 years. The trial
court entered the final judgment on July 8, 2008.
          On August 7, 2008, appellant filed a motion for new trial arguing ineffective
assistance of counsel. In the motion, appellant alleged that his counsel was
ineffective for (1) failing to investigate the case properly by not locating witnesses
who could contradict the State’s evidence during the guilt/innocence portion of the
trial; (2) failing to inspect the vehicle in which appellant was arrested and failing to
provide evidence regarding the window tinting of the vehicle to contradict the State’s
witnesses’ testimony; (3) failing to determine appellant’s version of the incident; 
(4) failing to keep appellant informed about the status of the case, in particular 
motions to be filed; (5) failing to properly inform appellant regarding the range of
punishment; (6) failing to request a continuance based on the State’s last minute
amendment of the indictment, thus preventing appellant from substituting privately
retained counsel for appointed counsel; and (7) failing to inform appellant of his right
to a ten day continuance based on the amendment to the indictment.
          Appellant supported his motion for new trial with an affidavit in which he
described why he believed his trial counsel was ineffective. Appellant’s affidavit
described his criminal history and attributed his drug relapse to the death of his wife. 
The affidavit then stated that trial counsel did not visit appellant in jail until two days
before trial and that his trial counsel stated that the punishment range would be
between two years and ten years. Appellant’s affidavit further contended that his trial
counsel would not discuss the procedural aspects of the case including motions,
discovery, and the indictment. Through the affidavit, appellant also stated that he and
his lawyer eventually stopped speaking with each other. The affidavit also stated that
appellant’s trial counsel did not consult with appellant concerning the selection of
jurors and never asked appellant about his version of events on the night of his arrest. 
The affidavit contended that appellant’s trial counsel did not investigate the tint of the
windows on the car appellant was driving when he was arrested, which appellant
argues could have created doubt in the mind of the jury as to the officers’ veracity. 
Finally, it stated, “Set me for 3 weeks I told my lawyer I wanted to plea for the six
months that day He said they did not have my file he said he would look in to it never
did.”
          The trial court set a hearing on appellant’s motion for September 25, 2008, but
the parties agreed to reset the hearing. Hurricane Ike struck Houston on September
13, 2008. On September 19, 2008, appellant’s counsel, a representative for the State,
and a court reporter appeared at the court for a hearing, but the judge was not present. 
Appellant’s counsel made an offer of proof on the record and indicated what she
would have presented had the judge been present, and she presented three exhibits. 
Appellant’s exhibits were affidavits from appellant, his son, and his mother. 
Appellant’s affidavit was the same as the one attached to the motion for new trial, but
the affidavits from his son and his mother were presented for the first time on
September 19. No other hearing was held.
          Appellant’s mother’s affidavit stated that she held title to the car appellant was
driving the night of his arrest and that her grandson, Evaristo Zeke Zamora, was the
primary driver. Her affidavit stated further that appellant’s attorney did not arrange
to inspect or to photograph the vehicle, nor did appellant’s trial counsel ask
appellant’s mother to photograph the vehicle. Finally, her affidavit indicated that her
only contact with appellant’s attorney occurred the day before trial when she and
appellant’s trial counsel prepared for questions that the State might ask, but
appellant’s trial counsel did not discuss the tint on the car’s windows with her. 
Appellant’s son’s affidavit stated that he owned the car appellant was driving the
night of his arrest and that, had he been asked to testify, he would have testified
regarding the tint of the car’s windows. Appellant’s trial counsel filed an affidavit
refuting the arguments asserted by appellant.
          On Monday, September 22, 2008 appellant’s motion for new trial was
overruled by operation of law. 
DISCUSSION
          A.      Standard of Review
          In his sole issue, appellant argues that the trial court erred in failing to conduct
a hearing on his motion for new trial. We review a trial court’s denial of a hearing
on a motion for new trial for an abuse of discretion. Smith v. State, 286 S.W.3d 333,
339 (Tex. Crim. App. 2009); Wallace v. State, 106 S.W.3d 103, 106 (Tex. Crim. App.
2003). In determining whether the trial court abused its discretion, “we reverse only
when the trial judge’s decision was so clearly wrong as to lie outside that zone within
which reasonable persons might disagree.” Smith, 286 S.W.3d at 339. In making
such a review, however, we are limited to a consideration of whether “the defendant
has raised grounds that are both undeterminable from the record and reasonable,
meaning they could entitle the defendant to relief.” Id.
          “The purpose of a hearing on a motion for new trial is to: (1) decide whether
the cause shall be retried and; (2) prepare a record for presenting issues on appeal in
the event the motion is denied.” Id. at 338. However, the right to a hearing on a
motion for new trial is not absolute. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim.
App. 1993). A defendant is entitled to a hearing on a motion for new trial only when
he has raised grounds that are undeterminable from the record and could reasonably
entitle him to relief. Smith, 286 S.W.3d at 338. For a defendant to show that he could
reasonably be entitled to relief on matters that are not determinable from the record,
the motion must be supported by an affidavit specifying the factual basis for the
claim. Id. at 339. The affidavit may be by either “the defendant or someone else.” 
Id. The affidavit is sufficient if a fair reading of it gives rise to reasonable grounds
in support of appellant’s claim. Id. If a defendant makes such a showing, trial court
abuses its discretion if it fails to hold a hearing. Id. However, affidavits that are
conclusory and unsupported by facts do not provide the requisite notice of the basis
for the relief claimed, and therefore no hearing is required. Id. 
          A claim of ineffective assistance of counsel may be raised in a motion for new
trial. Id. at 340; Reyes, 849 S.W.2d at 815. Because the reasonableness of trial
counsel’s choices often involve facts that do not appear in the appellate record, the
record usually will not be sufficient to show a deficiency that prejudiced the
appellant’s defense. Smith, 286 S.W.3d at 341. When the facts relevant to the claim
are not determinable from the record, we must decide whether the appellant’s motion
for new trial and affidavit show reasonable grounds that could entitled him to relief. 
Id. When a defendant makes such a claim, the defendant’s affidavit must demonstrate
that he is reasonably entitled to relief by asserting a factual basis showing that trial
counsel’s performance was (1) deficient and (2) that it prejudiced his defense. Smith,
286 S.W.3d at 340. To show deficiency, the appellant must prove by a preponderance
of the evidence that his counsel’s representation objectively fell below the standard
of professional norms. Id. To show prejudice, the appellant must show that there is
a reasonable probability that but for his counsel’s unprofessional errors, the result of
the proceeding could have been different. Id. at 340. 
          The Texas Court of Criminal Appeals has held that to be entitled to a hearing
on a motion for new trial based on claims of ineffective assistance of counsel the
defendant must “allege sufficient facts from which a trial court could reasonably
conclude both that counsel failed to act as a reasonably competent attorney and that,
but for counsel’s failure, there is a reasonable likelihood that the outcome of his trial
would have been different.” Id. at 341; see also, Strickland v. Washington, 466 U.S.
668, 694, 104 S. Ct. 2052, 2067 (1984) (providing standard of review for claims of
ineffective assistance of counsel). The record must bear out assertions of prejudice
from the alleged deficiencies in his counsel’s performance. See Smith, 286 S.W.3d
at 342. 
          B.      Analysis
          Appellant contends that his affidavit and those provided by his mother and son
provide testimony that his trial counsel failed to return his calls, failed to visit
appellant in jail until two days before trial, misinformed him of the possible
punishment range, told appellant that he did not need to have more information about
motions, and failed to inform appellant that the amended indictment provided grounds
for a continuance.



          Some of the issues appellant raises in his brief are determinable from the
record. Appellant contends that the July 27, 2008 amendment to his indictment
entitled him to a ten day continuance, and that his trial counsel was ineffective for not
telling him this and for not requesting the continuance. An indictment may be
amended before trial, and on request of the defendant “the court shall allow the
defendant not less than 10 days . . . to respond.” Tex. Code Crim. Proc. Ann. art
28.10(a) (Vernon 2006). Here, the trial court granted the motion to amend the
indictment on June 27, 2008 and trial commenced on July 7, 2008, ten days after the
amendment. Appellant was not entitled to further continuances. See Trejos v. State,
243 S.W.3d 30, 42 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d) (stating that, in
accordance with article 28.10(a), trial court offered appellant additional ten days to
prepare for trial after amending indictment). We conclude that the trial court did not
abuse its discretion in not granting appellant a hearing on this basis. Smith, 286
S.W.3d at 338 (citing Reyes, 849 S.W.2d at 816).
          Appellant also contends that his trial counsel was deficient for not locating and
interviewing witnesses who could have contradicted the State’s evidence during the
guilt innocence portion of the trial. Appellant’s affidavit, as well as those by his
mother and son, contends that the police could not have seen appellant from behind
because of the tint of the windows. Therefore, appellant argues that the police should
not have known where to search for the crack pipe. The record shows that the police
stopped appellant for a traffic violation and asked him to step out of the car after he
failed to produce identification. When appellant did so, the officers saw a crack pipe
“on the floorboard in plain view.” After appellant was arrested and handcuffed, the
officers retrieved the crack pipe and, in doing so, saw the second crack pipe, likewise
in plain view. A search subsequent to arrest is legal and officers may seize
contraband that is in plain view. McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim.
App. 2003) (citing United States v. Robinson, 414 U.S. 218, 236, 94 S. Ct. 467, 477
(1973)); Walter v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). Testimony
about the officer’s inability to see the crackpipe through the tinted windows of the car
is immaterial and would not have had a material effect on the outcome of the trial. 
Moreover, appellant’s allegation that he was prejudiced by lack of testimony
regarding the tint of the car windows is undermined because this information was
presented to the jury though his mother’s testimony that the tint on the windows was
“pretty dark.” We conclude that the trial court did not abuse its discretion in not
granting appellant a hearing on this basis. Smith, 286 S.W.3d at 338 (citing Reyes,
849 S.W.2d at 816).
          Appellant also contends that his trial counsel was ineffective because she
misinformed him of the range of punishment that he faced by telling him that he faced
between two and ten years’ imprisonment. Appellant, however, testified during the
punishment phase of his trial that he was aware that he faced between two and twenty
years’ imprisonment. We conclude that the trial court did not abuse its discretion in
not granting appellant a hearing on this basis. Smith, 286 S.W.3d at 338 (citing
Reyes, 849 S.W.2d at 816).
          The facts to support appellant’s allegations that his trial counsel failed to 
return his calls, failed to visit him in jail until two days before trial, and told him that
he did not need to have more information concerning motions are not determinable
from the current record. Therefore, we must decide whether his motion and affidavits
show reasonable grounds that could entitle him to relief. Smith, 286 S.W.3d 341. To
prevail on issues that are not determinable from the record, appellant must assert facts
that could reasonably show that his counsel’s representation was below professional
standards and that but for his counsel’s deficient efforts, the result of his trial could
have been different. Id. at 340–41. Although appellant provided an affidavit with his
motion for a new trial, the affidavit merely alleges error by trial counsel and does not
indicate through facts and non-conclusory testimony how, but for these errors, his
trial could have come out differently. See id. at 341. Therefore, appellant failed to
provide the requisite notice of the basis for relief claimed and no hearing was required
on this basis. See id. at 339.
          We hold that the trial court did not abuse its discretion in not providing
appellant a hearing on his motion for new trial.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Alcala, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).