# NO. 12-09-00175-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER MONTRELL WATSON,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Christopher Montrell Watson appeals his conviction for aggravated robbery. In his sole issue on appeal, Appellant argues that the trial court abused its discretion by denying him a hearing on his motion for new trial. We affirm.

### BACKGROUND

Appellant was charged by indictment with the offense of aggravated robbery, a first degree felony.[1] Appellant entered an open plea of guilty to the offense charged in the indictment. Appellant and his counsel signed an agreed punishment recommendation, an acknowledgment of admonishments, a waiver of trial by jury on guilt/innocence, a waiver of confrontation, an agreement to stipulate testimony, and a written stipulation of evidence in which Appellant swore that all allegations pleaded in the indictment were true and correct and judicially confessed to the offense alleged in the indictment. He and his counsel also signed a waiver of motion for new trial and motion in arrest of judgment, and a waiver of the right to appeal. The trial court adjudged Appellant guilty of the offense of aggravated robbery, and Appellant elected for the jury to assess punishment. After a punishment hearing on June 2, 2009, the jury assessed his punishment at seventy years of imprisonment.[2]

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(3)(A), (b) (Vernon 2003).

[2] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed $10,000. TEX.

On July 2, 2009, Appellant filed a motion for new trial, alleging that relevant, mitigating punishment evidence, specifically, of his mental illness and reduced mental capacity, was not investigated and presented at his punishment trial. Because this evidence was not developed, Appellant alleged, his trial counsel rendered ineffective assistance of counsel. In support of his motion, Appellant attached an affidavit from his father and a letter from the Andrews Center. On September 11, 2009, the trial court found that Appellant failed to state a proper ground for his motion for new trial, and that there was "no need for the Court to take additional testimony." Then, the trial court denied Appellant's motion for new trial. This appeal followed.

## MOTION FOR NEW TRIAL

In his sole issue on appeal, Appellant argues that the trial court abused its discretion by denying him a hearing on his motion for new trial. The State disagrees, contending that the affidavit and the letter attached to the motion did not provide sufficient information to require a hearing.

### Facts

In his motion for new trial, Appellant alleged that his family members attempted to contact his trial counsel to offer relevant, mitigating evidence regarding his history of mental illness and reduced mental capacity. According to Appellant, however, his family member's telephone calls were unreturned. Further, Appellant alleged that "there was evidence available" to his trial counsel that he had been treated for mental illness while previously incarcerated in Texas Youth Commission (TYC) facilities and, at the time of this offense, had been referred to the Andrews Center for mental health treatment.

Appellant's motion also included an affidavit from his father. In the affidavit, Appellant's father stated that Appellant had been diagnosed as "mentally retarded" and that Appellant had received treatment at TYC and the Andrews Center. According to Appellant's father, he made "several attempts" to contact Appellant's trial counsel, but never received an answer. Further, Appellant's father stated that if he had been contacted, he would have shared information regarding Appellant's mental condition, including his personal observations of Appellant and "relevant medical records." Appellant's motion also included a letter from the Andrews Center stating that it was closing its TYC referral on "Christopher" because he "no-showed" a screening appointment, did not respond to a letter, and was not on any medication.

### Standard of Review

The purpose of a hearing on a motion for new trial is to (1) "decid[e] whether the cause

PENAL CODE ANN. § 12.32 (Vernon Supp. 2010).

2

shall be retried" and (2) "prepare a record for presenting issues on appeal in the event the motion is denied." *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009) (quoting *State v. Gonzalez*, 855 S.W.2d 692, 695 (Tex. Crim. App. 1993)). While the opportunity to prepare a record for appellate review makes a hearing on a motion for new trial a critical stage, such a hearing is not an absolute right; a hearing is not required when the matters raised in the motion for new trial are subject to being determined from the record. *Id.* Even a defendant who has raised matters not determinable from the record is not entitled to a hearing on his motion for new trial unless he "establishes the existence of 'reasonable grounds,' showing that the defendant 'could be entitled to relief.'" *Id.* at 339 (quoting *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003)). Thus, as a prerequisite to a hearing when the grounds in the motion are based on matters not already in the record, the motion must be supported by an affidavit, either from the defendant or someone else, specifically setting out the factual basis for the claim. *Id.*

Moreover, the motion for new trial and accompanying affidavit(s) must "rais[e] matters not determinable from the record, upon which the accused could be entitled to relief." *Wallace*, 106 S.W.3d at 108 (quoting *Reyes*, 849 S.W.2d at 816). To be sufficient to entitle the defendant to a hearing, the motion for new trial and accompanying affidavits "need not establish a prima facie case" for a new trial; rather, they "must merely reflect that reasonable grounds exist for holding that such relief could be granted." *Id.* (quoting *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994); *Martinez v. State*, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002)). "[I]t is sufficient if a fair reading of [the accompanying affidavit] gives rise to reasonable grounds in support of the claim." *Smith*, 286 S.W.3d at 339 (quoting 43A George E. Dix & Robert O. Dawson, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 41.24 (2d ed. 2001)). But affidavits that are conclusory in nature and unsupported by facts do not provide the requisite notice of the basis for the relief claimed; thus, no hearing is required. *Id.*

When examining a trial court's denial of a hearing on a motion for new trial, we review for an abuse of discretion. *Id.* Our review, however, is limited to the trial court's determination of whether the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief. *Id.* at 340. The trial court's discretion extends only to deciding whether these two requirements are satisfied. *Id.* If the trial court finds that the defendant has met the criteria, it has no discretion to withhold a hearing. *Id.* Under such circumstances, in fact, the trial court abuses its discretion in failing to hold a hearing. *Id.* To hold otherwise would deny defendant meaningful appellate review. *Id.* at 338.

**Applicable Law**

In reviewing an ineffective assistance of counsel claim, we follow the United States

3

Supreme Court's two pronged test in ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). ***Hernandez v. State***, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the ***Strickland*** test, an appellant must show that counsel's performance was "deficient." ***Strickland***, 466 U.S. at 687, 104 S. Ct. at 2064; ***Tong v. State***, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." ***Strickland***, 466 U.S. at 688, 104 S. Ct. at 2064; ***Tong***, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." ***Strickland***, 466 U.S. at 687, 104 S. Ct. at 2064; ***Tong***, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068; ***Tong***, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. ***Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068.

To be entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, Appellant "must allege sufficient facts from which a trial court could reasonably conclude *both* that counsel failed to act as a reasonably competent attorney *and* that, but for counsel's failure, there is a reasonable likelihood that the outcome of his [punishment] trial would have been different." ***Smith***, 286 S.W.3d at 340-41.

## Analysis

In his motion for new trial, Appellant alleged that his trial counsel was ineffective because he failed to investigate and present relevant, mitigating evidence at his punishment trial. Because "[t]he reasonableness of counsel's choices often involves facts that do not appear in the appellate record," the record will generally "not be sufficient to show that counsel's representation was so deficient as to meet the first part of the ***Strickland*** standard." *See **id**.* at 341 (quoting ***Mitchell v. State***, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); ***Jackson v. State***, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998)). In this case, whether trial counsel's failures show a deficiency that prejudiced Appellant's punishment trial is not determinable from the record. *See **id**.* Because Appellant's claim is not determinable from the record, we must decide whether his motion, accompanying affidavit, and letter show reasonable grounds that could entitle him to relief. *See **id**.* To do so, Appellant must allege facts that would reasonably show that his trial counsel's representation fell below the standard of professional norms and that there is a reasonable probability that, but for his trial counsel's conduct, the result of the proceeding would have been different. *See **id**.*

As noted above, in his motion for new trial, Appellant complained that his trial counsel was deficient because he failed to investigate and present relevant, mitigating evidence at his

4

punishment trial. However, even if Appellant's trial counsel's performance was deficient, Appellant cannot prevail in this appeal.

Under the second prong of the *Strickland* test, Appellant was required to show in his motion for new trial "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. Here, Appellant made no attempt in his motion for new trial to address the second prong of the *Strickland* test. Consequently, Appellant did not present facts sufficient to demonstrate that reasonable grounds existed to believe he could prove ineffective assistance of counsel at an evidentiary hearing. *See Smith*, 286 S.W.3d at 345. Thus, the trial court did not abuse its discretion in failing to hold a hearing on Appellant's motion for new trial. *See id.* Accordingly, Appellant's sole issue is overruled.

## DISPOSITION

The judgment of the trial court is *affirmed*.

**BRIAN HOYLE**
Justice

Opinion delivered January 12, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5